NO. 07-02-0160-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 7, 2002

_____

KEVIN MEAD AKA RICHARD ALAN WILLIAMS

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;

NO. 884,328; HON. DON STRICKLIN, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Appellant, Kevin Mead, also known as Richard Alan Williams, appeals from a judgment under which he was convicted of criminally negligent homicide. The clerk's record has been filed in this cause but the reporter's record has not. Furthermore, counsel for the appellant attorney has filed a "Notice of Withdrawal of Appeal" suggesting that appellant no longer cares to prosecute an appeal. However, the notice is not personally signed by appellant as required by Texas Rule of Appellate Procedure 42.2(a). Nor have

we been informed of a specific date by which this defect will be cured.

Accordingly, we now abate this appeal and remand the cause to the 337th District Court of Harris County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; and,

2. whether appellant is indigent.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record with the clerk of this court on or before May 31, 2002. Should further time be needed by the trial court to perform these tasks, then an extension must be requested before May 31, 2002. Furthermore, should appellant submit to this court a document complying with Texas Rule of Appellate Procedure 42.2(a) and evincing his decision to withdraw his notice of appeal before the trial court convenes a hearing pursuant to this order, then the appeal will be reinstated, and the court will act on the matter in due course.

It is so ordered.

Per Curiam

Do not publish.

2